FOR SETTLEMENT PURPOSES

Term Sheet.

This Term Sheet sets forth the principal terms of the settlement among David Clifford ("Creditor"), Wilfred T. Azar, III ("Fred') and Melanie Carole Azar ("Debtors") of the adversary proceeding, Case No. 11-00832 in the United States Bankruptcy Court for the District of Maryland, at Baltimore, in bankruptcy case no. 11-19693-DWK (the "Judgments").

This Term Sheet sets forth the terms and conditions under which the Creditor and the Debtors will enter into a settlement agreement. This term sheet does not contain additional terms and provisions which will contained in the documents to be executed in connection with a final settlement.

1. Fred will acknowledge and agree that the amount of the Judgments against him as of the Petition Date is $1,989,420.00. Such Judgments will be reduced to a total judgment amount of $ 700,000.00 upon execution of the final settlement documents.

2. Fred will agree that the reduced judgment amount of the Judgments will bear interest at Four (4%) Percent per Annum. Such interest may be waived by Creditor, as further set forth below.

3. Monthly payments on the Judgments will commence on December, 1st, 2017 and will continue as set forth below:

- Beginning on December 1, 2017, and continuing thereafter until the Judgments are paid in full; Fred agrees that he will make a payment of $15,000 per month to the Creditor.
- Monthly payments of $15,000 shall be due on the first day of each calendar month beginning on December 1, 2017 and continuing thereafter on the 1st day of each month
- Provided that all payments are received by Creditor in full within 10 days of each successive due date, then, when the final payment is received by Creditor, Creditor agrees to waive all interest which has accrued on the Judgments since the Settlement Date.
- Subject to the foregoing, Creditor shall apply the periodic payments set forth herein to the Judgments, with such payments being credited first against accrued and unpaid interest on the Judgments and the balance, if any to the amount of the Judgments.

4. Fred will agree that, in addition to the agreements set forth in paragraphs 1 through 3 above concerning the Judgments, he will also execute and deliver to Creditor his promissory note for $1.0 million. The beginning date for payments on the Note will commence

*314466 / 5340.1*

1

on, January 15, 2015. The interest rate shall be 4% per annum simple interest, the term of the Note shall be 15 years and the amortization schedule will be 15 year's straight amortization.

5.   Fred agrees that the Judgments shall be non-dischargeable under 11 U.S.C. §523(c).

6.   Upon the entry of the final order by the Bankruptcy Court approving the Term Sheet, Creditor shall dismiss the Adversary Proceeding with prejudice.

7.   Fred shall be entitled to a payment discount for the Judgments as set forth below.

Provided that all monthly payments have been paid as agreed on the Note and the Judgments, Fred shall be entitled to a discount of the percentage set forth below in the event that the then balance due on the Judgments, after the discount, is paid in full by the date set forth below.  The percent discount shall apply to the then balance due on the Judgments, after application of all monthly payments to interest and principal as set forth above.

| Date | Amount of Discount |
| --- | --- |
| 12/1/2015 | 20% |
| 4/30/2016 | 15% |
| 4/30/2017 | 10% |
| 12/31/2018 | 5% |

8.   In the event that Fred fails to make any Monthly Payment when due, the Creditor shall be entitled to take all actions permitted by law to enforce the Judgments.

9.   Conversely, provided that Fred is current on all payments required under the Settlement Amount and there is no default under the Representations, Warranties and Covenant, the Creditor will agree to forbear from taking any action to enforce the Judgments against Fred and/or his property or to enforce the personal guaranty of Melanie Carole Azar as described below.

10.   The parties agree that there is no pre-petition debt owed by Melanie Carole Azar to Creditor.  In order to induce Creditor to enter into as settlement on the terms set forth herein, Melanie Carole Azar agrees to execute a personal guaranty of the Judgments.  The personal guaranty shall contain customary terms found in a commercial guaranty **except** that recourse against Melanie Carole Azar under the guaranty can occur **only** if there are violations of certain representations, warranties and covenants contained in the following paragraph.

11.   In the Settlement Agreement, the Debtors will agree that Fred will not transfer, directly or indirectly, either now or in the future, any property of any value exceeding $25,000 at any one time or $75,000 cumulatively in any calendar year to his wife or, with her knowledge, to any child of theirs, either directly or indirectly.  Ordinary living expenses being paid by one spouse or the other shall not be deemed to be such a transfer. In the event of any such transfer,

*314466 / 5340.1*

Mrs. Azar shall become personally liable under her guaranty for the then full amount of the Judgments. In the event of such a transfer to a child, Mrs. Azar's liability shall be limited to the amount transferred. In such event, Creditor may take all actions permitted by law to enforce the Judgments.

12. The Settlement Agreement shall be countersigned by counsel for both Azars and who shall represent that he has represented them in connection with the negotiation, execution and delivery of the guaranty and the settlement agreement.

13. The Settlement Agreement shall be in form and content satisfactory to Clifford and his counsel and the Azars and their counsel.

AGREED TO BY:

_____
DAVID CLIFFORD

_____
WILFRED T. AZAR, III

_____
MELANIE C. AZAR

*314466 / 5340.1*

3